[No. 26809. Department Two. December 22, 1937.]

GRACE J. BOWERS, *Respondent,* v. HARRY C. BOWERS, *Appellant.*[1]

*Herbert Ringhoffer* and *John C. Hurspool,* for appellant.

*John H. Bauer,* for respondent.

BLAKE, J.—This is an action for divorce. The parties were married in 1915. They had four children, who, at the time the action was commenced, were, respectively, twenty, eighteen, sixteen, and fourteen years of age. The court granted a divorce to plaintiff and awarded her the custody of the children. The decree provided for division of the property of the parties, and required defendant to pay into the registry of the court the sum of seventy-five dollars a month,

". . . payable to the plaintiff for the support, maintenance, and education of said minor children, until the youngest of said children . . . shall have attained the age of twenty-one years, or until the further order of this court."

The defendant has appealed from this part of the decree.

[1]Reported in 74 P. (2d) 229.

The single question to be determined is appellant's ability to pay seventy-five dollars a month for the support of the children.

It appears from the record that the parties owned a 127-acre farm, upon which there were fifty head of sheep, twelve cows, twenty-six hogs, three horses, and some farm implements. The appellant operated the farm himself, although for several years the family had lived in Walla Walla.

Household effects in the home were given to respondent. The personal property on the farm was awarded to appellant. An undivided one-half interest in the farm itself was awarded to each. Appellant was permitted to remain in possession, charged with a rental of ten dollars per month, payable to respondent—this in addition to the seventy-five dollars per month for the support of the children. The farm was not worth to exceed $6,500 or $7,000. It was encumbered with a mortgage of $4,000. By the terms of the decree, appellant was required to pay all interest and tax charges.

There were also imposed upon him past due community obligations in excess of $1,600. Of this, however, $1,100 was owing to his mother. It may be assumed that she will not require him to pay it, for the record is replete with instances of her generosity to him. But the other obligations are rather pressing.

There is a wide divergence in the estimates made by the respective parties as to the possible annual net revenue that may be produced in the operation of the farm; the respondent estimating $1,000 to $1,250, the appellant $500. Speaking of the farm, in summing up the evidence, the court said:

"This Lowden ranch is not much, the court knows that. The court thinks it is worse than Mr. Ringhoffer argues it is. There is very little profit in raising alfalfa. There is very little, if any, profit."

And, in connection with the monthly obligations imposed on appellant, the court observed:

"Now this court makes that order knowing it will be difficult for Harry to pay it now. If Harry does not make full payments and makes a showing to the court that he is doing all he can do and is trying to support the family, the court will take those things into consideration upon a show-cause order."

■ It seems to us that, taking the most optimistic view with respect to income that may be derived from farm operations, the decree has imposed an obligation on appellant which he cannot possibly perform. For he has no other source of income. While, in these cases, it is the policy of the law to require fathers to adequately provide for their families, it is not the policy of the law to impose upon them obligations which they cannot perform. *Holcomb v. Holcomb,* 53 Wash. 611, 102 Pac. 653; *Bungay v. Bungay,* 179 Wash. 219, 36 P. (2d) 1058. The interests of the family are much better served by an allowance that can and will be paid than one which will inevitably result, from time to time, in show cause orders which must be dismissed upon showing of inability to pay. *Holcomb v. Holcomb, supra.*

It is our opinion that, upon the facts disclosed by this record, the probable income of appellant will not warrant cash allowances of more than fifty dollars a month. The cause is accordingly remanded, with directions to modify the decree by reducing the allowance for the support of the children from seventy-five dollars per month to forty dollars per month, until the further order of the court. No costs will be allowed either party on the appeal.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.