151 P.3d 796

**Richard BLAISDELL,**
**Petitioner/Plaintiff–**
**Appellant**

v.

**DEPARTMENT OF PUBLIC SAFETY,**
**Respondent/Defendant–Appellee.**

**No. 27170.**

Supreme Court of Hawaiʻi.

Jan. 18, 2007.

Richard Blaisdell, petitioner/plaintiff-appellant, pro se, on the application.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by ACOBA, J.

On December 13, 2006, we accepted the November 20, 2006 application for writ of certiorari [1] of Petitioner/Plaintiff-Appellant

---

1. Pursuant to Hawai'i Revised Statutes (HRS) § 602–59 (Supp.2006), a party may appeal the decision of the intermediate appellate court (the ICA) only by an application to this court for a writ of certiorari. *See* HRS § 602–59(a). In determining whether to accept or reject the application for writ of certiorari, this court reviews the ICA decision for:

(1) Grave errors of law or of fact; or
(2) Obvious inconsistencies in the decision of the [ICA] with that of the supreme court federal decisions, or its own decision, and the magnitude of such errors or inconsistencies dictating the need for further appeal.

Richard Blaisdell (Petitioner), requesting review of the July 26, 2006 Summary Disposition Order (SDO) of the Intermediate Court of Appeals (the ICA),[2] affirming the February 22, 2005 final judgment of the Circuit Court of the First Circuit (the court)[3] dismissing Petitioner's case for non-payment of filing fees.

We hold that, inasmuch as at the time of his request to proceed in forma pauperis Petitioner was confined to a prison facility, had only $15.28 in his prison accounts, and earned only $40.00 per month without other sources of income, the imposition of $275.00 in fees and costs as a precondition to the filing of suit was excessively burdensome to Petitioner. Therefore, it was an abuse of discretion for the court to deny Petitioner's request to proceed in forma pauperis. Because the ICA affirmed, the ICA's July 26, 2006 SDO is reversed and the court's February 22, 2005 judgment is vacated. The case is remanded to the court in accordance with this opinion.

## I.

In his application Petitioner raises the following question: "Whether the [ICA] erred by denying the [P]etitioner to proceed [i]n [f]orma [p]auperis by holding that no [c]onstitutional [r]ights were denied, and the [Petitioner's] claims were devoid of merit."[4] Putative Respondent, the DPS, did not file a memorandum in opposition. In relevant part the procedural history of the case as set forth in the ICA's SDO, states as follows:

> [Petitioner] appeals from the Final Judgment filed on February 22, 2005 in the [court]. In its Order Dismissing [the] Case for Non–Payment of Fees filed on

August 30, 2004, *the [court] dismissed [Petitioner's] complaint without prejudice for his failure to pay the filing fee.*

> [Petitioner], *an inmate housed in Mississippi, filed a complaint ... against the [DPS] ... challeng[ing] a DPS rule that places a portion of an inmate's prison earnings into a restricted account. [Petitioner] alleged that the restriction of earnings amounts to a garnishment of monies not authorized by [HRS] § 353–22.5 (Supp.2005)* (authorizing garnishment of inmates' monies for certain purposes) *and sought a judgment declaring the restriction rule to be violative of § 353–22.5.*

> *... The [court] denied [Petitioner's] request to proceed in forma pauperis on grounds that the complaint did not assert a deprivation of constitutional rights and was devoid of merit.* The clerk then issued a Notice for Payment of Fees, directing [Petitioner] to remit filing fees of $275....

> [Petitioner] *did not remit the filing fees. Consequently, an Order Dismissing Case for Nonpayment of Fees, without prejudice, was entered ....* The order was reduced to a ... Final Judgment....

> ....

> On appeal, [Petitioner] contends the [court] abused its discretion by denying him the opportunity to proceed in forma pauperis.

SDO at 1–2 (emphases added) (footnote omitted).

In disposing of the appeal, the SDO states only that, "[u]pon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by

---

HRS § 602–59(b). The grant or denial of a petition for certiorari is discretionary with this court. *See* HRS § 602–59(a).

**2.** The Summary Disposition Order was issued by Chief Judge James S. Burns and Associate Judges John S.W. Lim and Daniel R. Foley.

**3.** The Honorable Sabrina S. McKenna presided.

**4.** As a second question in his application, Petitioner also inquires "[w]hether [Putative Respondent/Defendant–Appellee Department of Public Safety (DPS) ] can make a rule that violates the [HRS], and remove a portion of the inmate's pay

and place it in a separate account that the inmate cannot touch against the [HRS] and not pay the inmates any interest on that money being held in violation of the [HRS]." However, Petitioner stated in his Opening Brief that he "is not appealing anything except the fact that [the court] abused [its] discretion by denying [Petitioner] the opportunity to proceed [in forma pauperis]." Nonetheless, this question is subsumed in Petitioner's complaint, filed with the court, and is addressable by the court on remand. *See infra.*

the parties, we hold that [Petitioner's] appeal is without merit[,]" SDO at 2–3, and affirms the judgment. It is unclear from the statement in the SDO whether the merits of Petitioner's claim were considered and what arguments "by the parties" were evaluated, since the putative Respondent, the DPS, claims it was never properly served, and, hence, did not file any response in the case.

## II.

In his complaint Petitioner maintained that "[t]he [DPS] has made a [r]uling that ... [w]hen an inmate gets paid for his work that he does in prison, the committed person is allowed to keep the first $20 ... the balance of his earnings are divided in half[,]" that "[t]he committed person is allowed to keep one half of the balance but the other half is placed into a restricted account and the inmate is not allowed to use the restricted account to his liking[ ]" and that this "ruling" violates HRS § 353–22 (Supp.2006). HRS § 353–22 states that "[n]o moneys earned by a committed person and held by the department, to any amount whatsoever, shall be subject to garnishment, levy, or any like process of attachment for any cause or claim against the committed person, except as provided for in section 353–22.5." Petitioner requested "a [d]eclaratory judgment ... that[ ] the [DPS] practice ... violat[es] ... the H.R.S."

On August 13, 2004, a "Declaration in Support of Request to Proceed in Forma Pauperis" was filed. It indicated that Petitioner is confined to "Prairie Corr. Facility" in "Minn." [sic], he is "[p]aid about $40.00 per month[,]" he has no other sources of income, although "last year [he] received about $400–$500 from" his "daughter[,]" and that he had about "$15.28 in [b]oth [prison a]ccounts[.]" On August 13, 2004, the court filed an "Order Denying Plaintiff's Request to Proceed in Forma Pauperis," which stated:

The court can waive filing fees and/or costs pursuant to HRS Section 607–3. *This is not a criminal case. In addition, the case does not assert or raise issues concerning deprivation of a prisoner's constitutional right. Moreover, the case*

*appears to be devoid of merit due to HRS Section 353–21.*

Therefore, Plaintiff's request to proceed in forma pauper [sic] is hereby DENIED.

(Emphasis added.)

On August 23, 2004, Petitioner filed a motion for reconsideration, arguing in part that (1) "[Petitioner] has filed several civil suits in this [c]ourt and has been granted [i]n [f]orma [p]auperis on every occasion, after all, [Petitioner] has only $12.28 to his name[,] ... the fact that this is a civil complaint has nothing to do with not granting the request to proceed [i]n [f]orma [p]auperis[,]" (2) "deprivation of constitutional rights is only one of the criteria for validity of the complaint[,]" "HRS § 91–7" "states that if a rule violates the statutory provisions or exceeds the authority of the agency that the court SHALL DECLARE THE RULE INVALID[,]" (3) "[t]aking money from the committed person and making a second account is not within the statutory limits of HRS § 353–22.5 and therefore must be ruled to be invalid by this [c]ourt." (Capitalization in original.) On August 24, 2004, the court denied the motion for reconsideration.

## III.

Petitioner brought his request to proceed in forma pauperis under HRS § 607–3 (1993). HRS § 607–3 entitled "Court costs, waiver of prepayment, reduction or remission of," states that "*[t]he judges of all the courts of the State shall have discretionary power to waive the prepayment of costs or to reduce or remit costs where, in special or extraordinary cases, the cost of any suit, action, or proceeding may, to the judges, appear onerous.*" (Emphases added.) In that regard, "[w]hen construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose." *Custer v. Admin. Dir. of the Courts*, 108 Hawai'i 350, 354, 120 P.3d 249, 253 (2005) (citations omitted). " '[W]here the statutory language is plain and unambiguous, our sole

duty is to give effect to its plain and obvious meaning.' " *State v. Kalama,* 94 Hawai'i 60, 64, 8 P.3d 1224, 1228 (2000) (quoting *Citizens for Protection of North Kohala Coastline v. County of Hawai'i,* 91 Hawai'i 94, 107, 979 P.2d 1120, 1133 (1999) (internal quotation marks and citations omitted)).

■ As set forth above, HRS § 607-3 gives judges the *"discretionary power* to waive the prepayment of costs or to reduce or remit costs where, . . . the cost of any suit, . . . may, to the judges, appear onerous." (Emphasis added.) By virtue of the reference to "discretionary power," the order denying in forma pauperis status is reviewed under an abuse of discretion standard. An abuse of discretion "is apparent when a trial court's discretion clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." *Kimura v. Kamalo,* 106 Hawai'i 501, 507, 107 P.3d 430, 436 (2005) (internal quotation marks and citation omitted).

### IV.

■ The term "onerous" is not defined in the statute. In its ordinary application, onerous means "[e]xcessively burdensome or troublesome; causing hardship[.]" *Black's Law Dictionary* 1122 (8th ed.2004). *See Singleton v. Liquor Comm'n,* 111 Hawai'i 234, 243-44, 140 P.3d 1014, 1023-24 (2006) ("Where a term is not statutorily defined . . . we may rely upon extrinsic aids to determine such intent. Legal and lay dictionaries are extrinsic aids which may be helpful in discerning the meaning of statutory terms." (Internal quotation marks, brackets, and citation omitted.)). Under the plain language of HRS § 607-3, then, a judge has the discretion to "waive the prepayment of costs"

where "the cost of [the] suit" would be excessively burdensome so as to cause hardship. Considering the same statute, in *Minatoya v. Mousel,* 2 Haw.App. 1, 8, 625 P.2d 378, 384 (1981), the ICA noted that, "when considering a person's ability to pay, the court may consider the size of the movant's estate and his or her net worth." (Citing *Cleveland v. Cleveland,* 1 Haw.App. 187, 616 P.2d 1014 (1980).). The ICA held that the trial court did not err in denying a motion to appeal in forma pauperis when the contents of the affidavit supporting the motion were insufficient and movant owned a valuable parcel of real estate. *Id.*

■ In contrast, in the instant case, the prepayment of costs requirement undoubtedly was excessively burdensome on Petitioner. As noted above, the court required that Petitioner pay $275.00 which included (1) $200.00 for filing his complaint; (2) $25.00 for an indigent legal services surcharge; and (3) $50.00 in civil administrative costs. However, at the time of his request to proceed in forma pauperis, Petitioner was confined to a prison in Minnesota, received only $40.00 per month without other sources of income, and had only $15.28 in his prison accounts. The court did not dispute Petitioner's ability to pay.

The payment of $275.00 in fees well exceeded Petitioner's meager earnings and "savings" and, thus, would be excessively burdensome. To require the prepayment of such costs under the circumstances, then, "clearly exceeds the bounds of reason[.]" *Kimura,* 106 Hawai'i at 507, 107 P.3d at 436 (internal quotation marks and citation omitted). Accordingly, it was an abuse of discretion for the court to deny Petitioner's request to proceed in forma pauperis pursuant to HRS § 607-3.[5]

5. The legislative history of HRS § 607-3 confirms our decision. *See Hawai'i Elec. Light Co. v. Dept. of Land & Natural Res.,* 102 Hawai'i 257, 270, 75 P.3d 160, 173 (2003) (citing *State v. Entrekin,* 98 Hawai'i 221, 227, 47 P.3d 336, 342 (2002) ("Although we ground our holding in the statute's plain language, we nonetheless note that its legislative history confirms our view." (Citations omitted.))). On April 30, 1923, the legislature enacted Act 101, entitled "An Act to provide for the remission of court costs in certain cases,"

which has ultimately become HRS § 607-3. Act 101 states in relevant part:

> The magistrates and judges of all courts of the Territory of Hawai'i shall have discretionary power to reduce or remit costs chargeable to a defendant, where, in special or exceptional cases, the costs of any suit, action or proceeding, may, to such magistrate or court, appear onerous.

1923 Haw. Sess. L. Act 101, § 1 at 118. The legislature specified that the provisions of Act

## V.

It should be noted that the court recognized that it could "waive filing fees and/or costs pursuant to HRS Section 607–3." However, in denying the Petitioner's request, as indicated *supra*, the court continued, "This is not a criminal case. In addition, the case does not assert or raise issues concerning deprivation of a prisoner's constitutional right. Moreover, the case appears to be devoid of merit due to HRS Section 353–21." Under the plain language of HRS § 607–3, the court may only consider whether requiring the payment of costs would "appear onerous" to a party. Therefore, the purported reasons given by the court are extraneous to the limited inquiry before it.

In similar circumstances, the Court of Appeals of Oregon in *Curtis v. Lampert,* 171 Or.App. 336, 15 P.3d 626 (2000), considered whether the trial court abused its discretion in denying the prisoner's motion to proceed *in forma pauperis* in a civil action against the superintendent of the correctional institution.[6] The *Curtis* court concluded that "the trial court erred in denying plaintiff's motion to proceed *in forma pauperis* based on its assessment of the merits of the action that plaintiff sought to file rather than on the

available information pertinent to plaintiff's ability to pay the filing fee." *Id.* at 629. The *Curtis* court explained that "[t]he court is not in a position to assess the merits of the action that the plaintiff is attempting to file because that action, until it is deemed filed, is not properly before the court." *Id.*

Likewise, in this case, under the plain language of HRS § 607–3, the court was required to decide whether the costs of the suit would be onerous as applied to Petitioner, and was wrong in evaluating the merits of Petitioner's claim. *See also Burgess v. Holstedt,* 156 Or.App. 436, 965 P.2d 473, 474 (1998) (concluding that the trial court abused its discretion in "grant[ing] a deferral for some fees but not the service fees" when "[b]ased on plaintiff's affidavit, it [was] apparent that he [could not] pay the service fees and nothing in the record suggest[ed] otherwise"); *Stanwood v. Multnomah County,* 135 Or.App. 58, 898 P.2d 196, 198 (1995) (concluding "that the trial court abused its discretion in denying plaintiff's motion for a waiver or deferral of fees" when "[b]ased on the information contained in the affidavit accompanying plaintiff's motion, which [was] the only evidence in the record regarding plaintiff's ability to pay, it [was] apparent that he [could not] pay the required filing

101 were to *"apply to all* actions at law and proceedings in equity."* 1923 Haw. Sess. L. Act 101, § 2 at 118 (emphasis added).

> With respect to Act 101, the legislature stated, This Bill would grant to all magistrates and judges discretionary power to reduce or remit costs chargeable to a defendant. *There are many cases where the imposition of statutory costs is a hardship, and we believe it should rest within the wise discretion of the court whether a portion or all of such costs should be remitted.* Stand. Com. Rep. No. 244, in 1923 Senate Journal, at 574 (emphasis added); *see also* Stand. Com. Rep. No. 287, in 1923 House Journal, at 687 (*"The purpose* of the Bill *is to* permit district magistrates and circuit court judges to *remit or reduce costs where the taxing of same would be a burden* upon the defendant." (Emphases added.)).

Act 101 was subsequently amended in 1939, 1970, and 1972. *See* 1939 Haw. Sess. L. Act 19, § 3 at 182; 1970 Haw. Sess. L. Act 188, § 39 at 454; 1972 Haw. Sess. L. Act 88, § 5(b) at 335. However, these amendments do not affect the substance of our decision. *See* Stand. Com. Rep. No. 46, in 1939 Senate Journal, at 278–79 (stating that the purpose of the 1939 amendment was "to simplify, clarify and modernize" the cost

schedules which had only been changed slightly since 1903, and which contained numerous items, "which [were] ambiguous in wording and difficult of application"); 1970 Haw. Sess. L. Ac 189, § 39 at 454 ("Wherever the words 'district court magistrate', 'district magistrate' or 'magistrate' and words of like import appear in the [HRS], with reference to or in connection with the district courts, they are amended to read respectively, 'district court judge,' 'district judge or 'judge' and words of like import, as the context requires."); Stand. Com. Rep. No. 621–72 in 1972 Senate Journal, at 1005 ("The purpose of this bill is to amend the [HRS] so as to eliminate inconsistencies with the rules of court, delete outmoded provisions; make improvements of a technical nature; and transfer procedural matters to rules of court where advisable.").

6. Under Oregon's comparable statute, Or.Rev. Stat. Ann. § 21.605(1)(a) (West 2005), entitled, "Waiver or deferral of fees and costs for indigents," a judge "may waive in whole or in part, defer in whole or in part, or both, all fees and court costs payable by a party to a particular civil action ... if the ... judge ... finds that the party is unable to pay all or any part of the fees and costs."

fee" and "[t]he record [was] devoid of evidence that would justify denial of plaintiff's fee waiver request").

## VI.

For the reasons stated above, the order denying in forma pauperis status "disregards rules or principles of law or practice to the substantial detriment of a party litigant," and, thus, constitutes an abuse of discretion. *Kimura,* 106 Hawai'i at 507, 107 P.3d at 436 (internal quotation marks and citation omitted). The ICA's July 26, 2006 SDO affirming the court's February 22, 2005 judgment is reversed, the court's February 22, 2005 judgment dismissing Petitioner's case for nonpayment of fees is vacated, and the case is remanded to the court in accordance with this decision.

