Submitted on record and brief February 10, reversed and remanded June 21, 1995

## Martin H. STANWOOD,
*Appellant,*

*v.*

## MULTNOMAH COUNTY,
*Respondent.*

(9401-00000; CA A83159)

898 P2d 196

Martin H. Stanwood filed the brief *pro se.*

No appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff appeals from an order denying his motion for a fee waiver or deferral. We reverse and remand.

Plaintiff, a federal prisoner, filed a summons and complaint against Multnomah County in Multnomah County Circuit Court.[1] The court returned his pleadings for failure to pay the $118 filing fee. Plaintiff then submitted a motion for a waiver or deferral of the fee, which included an affidavit attesting to his inability to pay. The motion was denied[2] and plaintiff appeals.

We must first address whether the order denying the fee waiver is appealable, as appellate jurisdiction is limited and arises wholly from statute. *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983). The only statutory provision that could confer appellate jurisdiction here is ORS 19.010-(2)(a), which allows review of "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

In this instance, the order denying the fee waiver "closed the courthouse door" and significantly curtailed an indigent plaintiff's right to seek redress in court. *See* Or Const, Art I, § 10 ("[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation."). Without the fee waiver, plaintiff is unable to pursue his claim in court. Additionally, the order prevents the trial court from considering the merits of plaintiff's claim and from rendering a judgment. In this case of first impression, we conclude that the order is appealable under ORS 19.010(2)(a). *Cf. Samuels v. Hubbard*, 71 Or App 481, 692 P2d 700 (1984), *rev den* 299 Or 118 (1985) (order denying motion to intervene appealable because it prohibits a judgment in the main action on that party's claim or defense); *Dept. of Human Res. v. Williams*, 12 Or App 133, 505 P2d 936 (1973) (order improperly referring contract to arbitration prevents trial on the merits by a court and is therefore appealable).

---

[1] The summons and complaint are not contained in the record.

[2] Plaintiff's initial fee waiver motion was denied on January 10, 1994. He then filed a motion for reconsideration, which was denied on February 14, 1994.

■   We next consider whether the trial court abused its discretion in denying plaintiff's motion. ORS 21.605(1)(a) provides, in pertinent part:

"[A judge] may waive in whole or in part, defer in whole or in part, or both, all fees and court costs payable by a party to a particular civil action * * * [if the] judge finds that party is then unable to pay all or any part of the fees and costs."

We have stated that a trial court abuses its discretion "if the discretion is exercised to an end not justified [by] and clearly against the evidence and reason." *State v. Parker*, 119 Or App 105, 109, 849 P2d 1157, *rev den* 317 Or 584 (1993). Based on the information contained in the affidavit accompanying plaintiff's motion, which is the only evidence in the record regarding plaintiff's ability to pay, it is apparent that he cannot pay the required filing fee. The record is devoid of evidence that would justify denial of plaintiff's fee waiver request. Absent any findings of fact or conclusions of law provided by the court to explain its decision, and in the light of the facts before us in the record, we conclude that the trial court abused its discretion in denying plaintiff's motion for a waiver or deferral of fees.

Reversed and remanded.