Submitted on record and brief July 17, reversed and remanded October 7, 1998

Richard Orville BURGESS,
*Appellant,*

*v.*

R. Brooke HOLSTEDT,
*Respondent.*

(97C13037; CA A101239)

965 P2d 473

Richard Orville Burgess filed the brief *pro se.*

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff seeks reversal of the trial court's judgment dismissing his action for want of prosecution. We reverse and remand.

Plaintiff filed with the court a civil complaint, a motion for waiver of fees and costs, and a motion for an order directing service by the sheriff. Plaintiff, an inmate in a state penal institution, included an affidavit of poverty alleging that he has no income, assets or resources. The trial court allowed deferral of fees and costs except for the service fees. It denied the motion requiring the sheriff to serve the summons and complaint. Subsequently, plaintiff attempted to serve the summons and complaint by mailing copies to the defendant. Later, in response to plaintiff's request for a default judgment, the court denied the request because the service by mail was improper on its face. Plaintiff sought a continuance and again requested a default judgment. The trial court denied the request and dismissed the case for want of prosecution because no proper service had occurred. ORCP 53 B(3).

■   An order denying the waiver of service fees is appealable under ORS 19.205(2)(a). *See Stanwood v. Multnomah County*, 135 Or App 58, 60, 898 P2d 196 (1995) (holding that the denial of a filing fee waiver is appealable). The issue is whether the trial court abused its discretion in denying plaintiff's motion to require the sheriff to serve the summons and complaint without charging a fee.

■   ORS 21.605(1)(a) provides, in part:

> "[A judge] may waive in whole or in part, defer in whole or in part, or both, all fees and court costs payable by a party to a particular civil action or proceeding * * * upon application by the party, if the * * * judge finds that the party is then unable to pay all or any part of the fees and costs."

Service fees are "fees" under ORS 21.605(1)(a) that the trial judge may waive or defer if the judge finds that a party is

unable to pay them. Based on plaintiff's affidavit, it is apparent that he cannot pay the service fees and nothing in the record suggests otherwise. The trial court provided no explanation as to why it granted a deferral for some fees but not the service fees. We concluded based on similar facts in *Stanwood* that, "the trial court abused its discretion in denying plaintiff's motion for a waiver or deferral of fees." 135 Or App at 61. Here, for the same reason, the denial of a waiver or deferral of service fees was an abuse of discretion, and dismissal of plaintiff's complaint for want of prosecution that stemmed from that erroneous denial was also improper.

Reversed and remanded.