Submitted on record and briefs April 7, reversed and remanded December 13, 2000

# DAVID S. CURTIS,
*Appellant,*

*v.*

# Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(M9906051; CA A106848)

15 P3d 626

David S. Curtis filed the briefs *pro se* for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

### DE MUNIZ, P. J.

■ Plaintiff seeks review of an order denying his motion to proceed *in forma pauperis* in a civil action. We review the trial court's decision for abuse of discretion, *Stanwood v. Multnomah County*, 135 Or App 58, 898 P2d 196 (1995), and reverse.

■ A preliminary question presented in this case is whether there exists a trial court record sufficient to allow appellate review of the issue presented. The trial court record, as forwarded by the trial court to this court, consists solely of a copy of plaintiff's notice of appeal filed on June 23, 1999, in the trial court, to which is attached a copy of plaintiff's motion to proceed *in forma pauperis*, with a notation by the trial judge stating: "Denied. So ordered. Claim can be more properly addressed through habeas corpus proceeding rather than the attempted civil action for damages." The motion is dated June 1, 1999. The trial judge's notation denying the motion is dated June 4, 1999, and was filed by the trial court clerk on that date. Also attached to the copy of the notice of appeal contained in the trial court record is a copy of the complaint that plaintiff tendered at the time he filed his motion to proceed *in forma pauperis*. The trial court record contains no documentation of plaintiff's initial attempt to file his complaint and proceed *in forma pauperis*. In particular, although plaintiff's motion states that it is "supported by the Affidavit of Indigency filed in this Court indicating that plaintiff is without funds or assets with which to pay the Court fees," no copy of that affidavit of indigency was included in the trial court record.

Defendant, in his response brief, does not address the merits of the trial court's ruling. Rather, he asserts only that plaintiff's claim must fail because "this record does not contain any affidavit that plaintiff may have filed in support of his motion in the circuit court for waiver of the filing fee." In reply, plaintiff has submitted a copy of an affidavit of indigency dated and notarized on June 1, 1999, as well as correspondence from the trial court judge that demonstrates beyond reasonable dispute that the trial court did, in fact, receive plaintiff's accompanying affidavit with his motion to

proceed *in forma pauperis*. We treat plaintiff's reply brief accompanied by the materials documenting these events as a motion to correct the trial court's record and allow that motion.[1] *See* ORS 19.365(4) (appellate court may *sua sponte* order correction of record). We therefore reject defendant's argument that we should treat the absence of plaintiff's supporting affidavit from the trial court record as a reason for affirming the trial court's decision.

■    We turn to the merits of plaintiff's claim. Plaintiff asserts that the trial court abused its discretion in denying his motion to proceed *in forma pauperis*. In support of his position, plaintiff relies on *Burgess v. Holstedt*, 156 Or App 436, 965 P2d 473 (1998), and *Stanwood*, 135 Or App at 60. In *Stanwood*, a federal prisoner sought to file a civil action in circuit court and filed a motion to proceed *in forma pauperis* that included a supporting affidavit attesting to his inability to pay the filing fee. We noted that a judge " 'may waive in whole or in part, defer in whole or in part, or both, all fees and court costs payable by a party to a particular civil action * * * [if the] judge finds that party is then unable to pay all or any part of the fees and costs.' " *Id.* at 61, *quoting* ORS 21.605(1). We held that the trial court abused its discretion in denying the plaintiff's motion:

---

[1] In a virtually identical case, *Thompson v. Knox*, A106610, we did the same. In an order supplementing the record, we stated:

"This is an appeal from an order denying appellant's motion for leave to proceed *in forma pauperis*. Because the trial court denied the motion to waive the filing fee, the trial court did not create a regular case file and, in fact, returned the materials tendered for filing to appellant. When appellant filed his notice of appeal, he mailed those materials to the State Court Administrator with the intent that those materials be treated as the trial court record."

We permitted the appellant in that case to supplement the trial court record with the documents that were tendered to the trial court and returned to him when the court rejected his motion to proceed *in forma pauperis*.

Trial courts that deny motions to proceed *in forma pauperis* must ensure that all material submitted to the court by plaintiffs in support of, or accompanying, the motions are included with the order of denial as exhibits made part of the trial court's record. *See generally* ORS 7.110 (trial court shall maintain both "files" and "records" of trial court). ORS 21.110(4), which requires that a paper or pleading be "filed by the clerk" only after a fee has been paid or a waiver or deferral of fees has been granted, does not preclude such a practice because the accompanying documentation is not to be treated as a "paper or pleading" to be "filed," but simply as an attachment to an order of the court. Such a practice would obviate the need for this court to re-create the record in these cases.

"Based on the information contained in the affidavit accompanying plaintiff's motion, which is the only evidence in the record regarding plaintiff's ability to pay, it is apparent that he cannot pay the required filing fee. The record is devoid of evidence that would justify denial of plaintiff's fee waiver request. Absent any findings of facts or conclusion of law provided by the court to explain its decision, and in the light of the facts before us in the record, we conclude that the trial court abused its discretion in denying plaintiff's motion for a waiver or deferral of fees." *Id.*

Similarly, in *Burgess*, a plaintiff sought deferral of filing fees and fees for service of process on the defendant. The court, without explanation, allowed the deferral of filing fees but denied the motion as to fees for service of process. The court later dismissed the case because no proper service of process had occurred. 156 Or App at 438. As in *Stanwood*, we indicated that it was apparent from the plaintiff's affidavit that he could not pay the service fees and that nothing in the record suggested otherwise. *Id.* at 439. Again, we noted that the trial court provided no explanation of its decision. *Id.* We concluded that "the denial of a waiver of deferral of service fees was an abuse of discretion[.]" *Id.*

■ Plaintiff asserts that this case is essentially the same as *Burgess* and *Stanwood*. We agree. The only notable difference between the present case and those cases is that the trial court in this case did provide at least a cursory explanation of its decision to deny plaintiff's motion to proceed *in forma pauperis*. However, the trial court's explanation of its decision was that plaintiff's claim would be more properly addressed in a habeas corpus proceeding. In short, the court assessed the merits of plaintiff's complaint, which had not even been deemed filed with the court. In exercising its discretion as to whether a plaintiff should be permitted to proceed *in forma pauperis*, the trial court must consider the information relating to a party's ability to pay the fees in question. *See Stanwood*, 135 Or App at 61; *Burgess*, 156 Or App at 439. The court is not in a position to assess the merits of the action that the plaintiff is attempting to file because

that action, until it is deemed filed, is not properly before the court.[2]

We therefore conclude that the trial court erred in denying plaintiff's motion to proceed *in forma pauperis* based on its assessment of the merits of the action that plaintiff sought to file rather than on the available information pertinent to plaintiff's ability to pay the filing fee.

Reversed and remanded.

---

[2] *After* the action is filed, the court has the ability to look to the substance of the complaint. At that point, the court might, for example, determine that the action is a mislabeled action for habeas corpus relief. *See Mueller v. Benning*, 314 Or 615, 620, 841 P2d 640 (1992) (if circuit court has jurisdiction to decide a claim, it may do so regardless of whether it has been mislabeled).