Submitted on record and brief October 6, order denying motion to waive or defer fees vacated; remanded for court to decide motion to disqualify before considering motion to waive or defer fees December 13, 2000

## FRANK E. VOTH,
*Appellant,*

*v.*

## SNAKE RIVER CORRECTIONAL INSTITUTION,
*Respondent.*

(M99-11-051C; CA A109413)

15 P3d 629

Frank E. Voth filed the brief *pro se* for appellant.

Brendan C. Dunn, Assistant Attorney General, waived appearance for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals from the trial court's order denying his motion for a waiver or deferral of fees in this civil action. *See Stanwood v. Multnomah County*, 135 Or App 58, 898 P2d 196 (1995).[1] He assigns error to the trial judge's failure to rule on a concurrently tendered motion to disqualify the trial judge. Plaintiff asserts, particularly, that it was error for the trial court to rule on the motion to waive or defer fees without first—or, indeed, ever—acting on the motion to disqualify. We vacate the court's denial of the motion to waive or defer fees and remand for the trial court to determine the motion to disqualify.

On or about November 10, 1999, plaintiff, an inmate in the Snake River Correctional Institution, tendered to the clerk of the Malheur County Circuit Court a complaint for "statutory negligence and negligence *per se*," against the defendant correctional institution. That complaint alleged that defendant had unlawfully impaired plaintiff's access to prison legal resources and sought damages for that alleged interference. With that complaint, plaintiff tendered a motion to disqualify Judge Frank Yraguen, an affidavit in support of that disqualification motion, a "Motion for Leave to Proceed *In Forma Pauperis*,"[2] and an affidavit of indigency. Plaintiff did not tender a filing fee with his complaint.

---

[1] In *Stanwood*, we concluded that an order denying a motion for a waiver or deferral of fees pursuant to ORS 21.605(1)(a) is appealable under *former* ORS 19.010(2)(a) (1995), *renumbered as* ORS 19.205(2)(a) (1997) ("An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.").

[2] Plaintiff's "Motion for Leave to Proceed *In Forma Pauperis*" was on a pre-printed form that refers to ORS 34.365, which pertains to the waiver of filing fees in habeas corpus proceedings. Because plaintiff's complaint here pleaded a civil action for damages, the applicable waiver provision is ORS 21.605(1)(a), which provides, in part:

"[A] judge of a circuit or county court * * * may waive in whole or in part, defer in whole or in part, or both, all fees and court costs payable by a party to a particular civil action or proceeding in the court of the [judge], upon application by the party, if the [judge] finds that the party is unable to pay all or any part of the fees and costs. Waiver or deferral of inmate's fees and court costs is subject to ORS 30.642 to 30.650."

*See also* ORS 30.643 (prescribing process for inmate to apply for waiver or deferral of fees).

The clerk's office of Malheur County Circuit Court did not file the complaint because plaintiff had not tendered a filing fee. Instead, consistent with the circuit court's local practice, the clerk's office, "for reference purposes," placed plaintiff's pleadings in a file with the case designation "M99-11-051C." *See Curtis v. Lampert*, 171 Or App 336, 15 P3d 626 (2000) (describing Malheur County Circuit Court practice for processing inmate complaints tendered without filing fee but with motion to waive or defer fees).

On November 10, 1999, Judge Yraguen, without elaboration, denied plaintiff's motion for waiver or deferral of fees. The trial court administrator subsequently informed plaintiff that, given that denial, "you will need to pay the $167.00 filing fee before the complaint can be filed." Neither Judge Yraguen nor any other judge ever acted on plaintiff's motion to disqualify Judge Yraguen.

On December 8, 1999, plaintiff petitioned the Supreme Court for an alternative writ of mandamus, challenging the circuit court's failure to act on his motion to disqualify Judge Yraguen before ruling on his motion for waiver or deferral of fees. While that mandamus proceeding[3] was pending, on February 1, 2000, Judge Yraguen *sua sponte* issued an extensive "Order Vacating Previous Orders Denying Waiver of Filing Fees/Renewed Orders Upon Reconsideration Denying Waiver of Filing Fees."[4] The essence of that February 1 order, which is described in greater detail below, is that it was unnecessary for the court to act on the motion to disqualify because plaintiff had never "appeared" before the court for purposes of the judicial disqualification statutes, ORS 14.210 *et seq.*, in that plaintiff's complaint had never been filed. Alternatively, the order posits that the determination of a motion for waiver or deferral of fees is purely "ministerial" and, thus, the pendency of the motion to disqualify did not preclude the trial court from disposing of the motion to waive or defer fees. *See, e.g., Creel v. Shadley*, 266

---

[3] *Voth v. Malheur County Circuit Court* (SC S46983).

[4] That order refers to plural "orders" and "waivers" because it addressed not only the denial of the motion to waive or defer fees in this case, but also similar denials in other actions that plaintiff had tendered that are not at issue in this appeal.

Or 494, 497, 513 P2d 755 (1973) ("As a general rule, when a judge has been disqualified, he is without authority to act further in any judicial capacity in the case, but he is not prevented from performing formal or ministerial acts.").

On February 16, 2000, the Supreme Court denied plaintiff's petition for writ of mandamus, concluding that plaintiff had a plain, adequate, and speedy legal remedy:

"(1) [R]elator may appeal from the order denying his motion for leave to proceed *in forma pauperis*, (2) on such appeal, relator may raise the issue of the trial judge's failure to act on the motion to disqualify, and (3) such an appeal is a plain, adequate and speedy remedy."[5]

Plaintiff then filed this appeal.

On appeal, plaintiff argues that the trial judge erred in denying plaintiff's motion to waive or defer fees without first—or, indeed, ever—acting on plaintiff's motion to disqualify the same judge. Before addressing the merits of that argument, we revisit the February 1 order, which describes the trial court's rationale.

That order first explains the court's reasoning for denying the motion to waive or defer fees. In particular: (1) The court judicially noticed other lawsuits that plaintiff had initiated and observed that plaintiff "has had and obviously continues to have access to the law library at the Snake River Correctional Institution." (2) Alternative mechanisms existed to remedy the alleged deprivation of access to legal resources, including instituting a habeas corpus proceeding and, with respect to plaintiff's appeals, seeking time extensions from the Oregon Court of Appeals. (3) The court had discretion to decline to waive or defer filing fees "so long as the exercise of such discretion is not arbitrary or capricious." And (4), the court declined to waive fees because, under the totality of the circumstances, "Petitioner need not be

_____

[5] The court concurrently denied defendant's motion to dismiss the mandamus proceeding as having been mooted by the trial court's intervening issuance of its February 1 order: "Relator's petition challenges the trial judge's failure to grant a motion to disqualify the trial judge, and the trial judge has not acted on that motion, and, therefore, that matter is not moot."

accorded the right to, in addition, file civil actions for damages against the State of Oregon without paying the requisite filing fees."

 The court then noted that, under the prevailing practice in Malheur County Circuit Court, when a complaint was tendered without a filing fee, a "new case" would not be "initiated" unless the court allowed a motion for waiver or deferral of fees. Given that practice, the court reasoned that, in those cases where the motion to waive or defer fees was denied, precluding the filing of the complaint, the plaintiff had not "appear[ed]" before the court for purposes of the disqualification statutes. *See* ORS 14.260(1). Consequently, the protections of those statutes could not be invoked:

> " 'Appearing,' as the term is used in ORS 14.260(1), does not appear to have been interpreted by Oregon's Appellate Courts. 'Appearance' in Black's Law Dictionary, Seventh Edition, means 'a coming into court as a party or interested person.'
>
> "\* \* \* \* \*
>
> "This Court views the term 'appearing' in ORS 14.260(1) as involving more than merely tendering to the court documents which may, depending upon the allowance of a waiver or deferral of filing fees, result in a filed case."

Finally, and alternatively, the court noted that disqualification does not preclude judicial action on purely ministerial matters and that, in the court's view:

> "This Court further views the initial actions involving the processing of the initial paperwork associated with an attempted filing as being formal or ministerial acts which are allowed under Oregon law even if a motion for recusal is among the submitted materials."

We turn to the merits. For clarity, we first address— and reject—the trial court's alternative rationale. As the court observed, disqualification does not preclude actions on purely ministerial matters. *See, e.g., Creel v. Shadley*. However, the disposition of a motion for waiver or deferral of fees under ORS 21.605(1)(a) is not ministerial. Rather, the allowance or denial of such a motion involves the exercise of judicial discretion and is reviewed for abuse of discretion. *See*

*Curtis*, 171 Or App at 340; *Stanwood*, 135 Or App at 61. Indeed, the trial court's February 1 order in this case explicitly refers to the court's discretion in such matters and then proceeds to exercise that discretion based on a variety of factors, including factual assessment of whether plaintiff had been or was being denied meaningful access to legal resources and the availability of alternative remedies. *See* 171 Or App at 397. Regardless of the propriety of the trial court's assessment of such considerations, *but see Curtis* (in exercising discretion under ORS 21.605(1), court is limited to considering a plaintiff's ability to pay fees without reference to the substance of the plaintiff's complaint or availability of alternative causes of action), the disposition of plaintiff's application involved the exercise of judicial discretion. Consequently, the "ministerial acts" exception is inapposite.

 The question thus narrows to whether the trial court was correct that the judicial disqualification statutes, ORS 14.210, *et seq.*, do not apply here because plaintiff had never "appear[ed]" because his complaint was never accepted for filing. We reject that analysis. ORS 14.250 provides, in part:

> "No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."

ORS 14.260 prescribes the process for seeking disqualification:

> "(1) Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that such party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. No specific grounds for the belief need be alleged. Such motion shall be allowed unless the judge moved against, or the presiding judge for the judicial district, challenges the good faith of the affiant and sets forth the basis of such challenge. In the event of such challenge, a hearing shall be held before a disinterested judge. The burden of proof shall be on the challenging judge to

establish that the motion was made in bad faith or for the purposes of delay.

"(2) The affidavit shall be filed with such motion at any time prior to final determination of such cause, matter or proceedings in uncontested cases, and in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification or election and assumption of office of another judge to preside over such cause, matter or proceeding.

"(3) No motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding. * * *"[6]

Disqualification under ORS 14.250 applies broadly to a judge's authority "to hear or try any suit, action, matter or proceeding." Although the statute does not define those terms, under any reasonable understanding, a motion to waive fees is, at the least, a legal "matter." *See Webster's Third New Int'l Dictionary*, 1394 (unabridged ed 1993) (defining "matter" as "something that is the subject of disagreement, strife or litigation" and as "something that is to be proved (as in a Court of Law)"). Indeed, as we emphasized in *Stanwood*, such a motion is potentially—and often actually— dispositive:

"In this instance, the order denying the fee waiver 'closed the courthouse door' and significantly curtailed an indigent plaintiff's right to seek redress in court. *See* Or Const, Art I, § 10 ('[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation.'). Without the fee waiver, plaintiff is unable to pursue his claim in court. Additionally, the order prevents the trial court from considering the merits of plaintiff's claim and from rendering a judgment." 135 Or App at 60.

The trial court concluded, nevertheless, that plaintiff could not invoke the protections of the judicial disqualification statutes because he had not "appear[ed] in [a] cause,

---

[6] ORS 14.270 prescribes a distinct process for seeking disqualification of judges in judicial districts having a population of 100,000 or more. That statute is inapplicable here.

matter or proceeding in a circuit court." ORS 14.260(1). That is, the trial court bypassed the encompassing language of ORS 14.250 to focus, instead, on ORS 14.260, which prescribes the process for seeking recusal. Even more particularly, the court construed "appearing" in ORS 14.260(1) "as involving more than merely tendering to the court documents which may, depending upon the allowance of a waiver or deferral of filing fees, result in a filed case."

The trial court's reading of "appearing" in this context is unduly restrictive. The disqualification statutes do not define "appearing"; nor has any published decision construed that term in this context. Nevertheless, the plain meaning of "appear" or "appearance" is "to come formally before an authoritative body" or "the coming into court of either of the parties to a suit." *Webster's Third New Int'l Dictionary* at 103.

That construction is contextually corroborated by the breadth of ORS 14.250, including its use of the generic "matter." Read in tandem, ORS 14.250 and ORS 14.260 express the legislative intent that whenever a party submits a matter to a trial court for a decision, that party has "appear[ed]" for purposes of being able to invoke the judicial disqualification statutes. Conversely, a contrary construction would subvert that legislative intent by permitting a judge to rule on a potentially dispositive motion notwithstanding a party's good faith belief that the judge cannot be fair and impartial. ORS 14.250 and ORS 14.260 are not so constricted.

We thus conclude that the trial court was obligated to decide plaintiff's motion to disqualify before considering plaintiff's motion to waive or defer fees. The trial court erred in failing to proceed in that fashion. Consequently, we vacate the court's order denying plaintiff's motion to waive or defer fees and remand for the trial court to determine plaintiff's motion to disqualify before considering plaintiff's motion to waive or defer fees.

Order denying motion to waive or defer fees vacated; remanded for court to decide motion to disqualify before considering motion to waive or defer fees.