Submitted March 13, 2020, affirmed August 18, 2021

ARLEN PORTER SMITH,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
acting by and through
the Department of Corrections and
the Department of Administrative Services,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV12855; A170818

496 P3d 1073

Plaintiff, an adult in custody, challenges the trial court's denial of his application for a waiver of his filing fees for a civil action he filed against defendant State of Oregon. He argues that the trial court erred by (1) failing to make findings regarding his ability to pay the fees and the hardship the fees might impose and (2) failing to provide notice and an opportunity for a hearing, in violation of Article I, section 10, of the Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution. *Held*: Because plaintiff's arguments failed to grapple with the statutory provisions governing waiver of fees for adults in custody who bring civil actions against public bodies (ORS 30.642 to 30.650), his arguments were insufficiently developed for the Court of Appeals to address them.

Affirmed.

Eva J. Temple, Judge.

Arlen Porter Smith filed the brief for appellant *pro se*.

Jona J. Maukonen waived appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Plaintiff, an adult in custody at Two Rivers Correctional Institution, brought a civil action against defendant State of Oregon and applied for waiver or deferral of the filing fees, which amounted to $560. The trial court entered a limited judgment against plaintiff for the amount of the filing fees. The court also ordered the fees to be withdrawn from plaintiff's correctional-facility trust account. *See* ORS 30.643(4) ("[I]f funds are not immediately available in the trust account, [the court] shall assess and collect filing fees and court costs as funds become available in the trust account."). On appeal, plaintiff contends that the trial court erred by (1) not making findings regarding his ability to pay the fees and the hardship the fees might impose and (2) entering the limited judgment without providing notice and an opportunity for a hearing, in violation of Article I, section 10, of the Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution. For the reasons given below, we affirm the limited judgment.

In support of his assignments of error, plaintiff cites a number of decisions that rely on a repealed statute, *former* ORS 21.605 (2005), *repealed by* Or Laws 2007, ch 493, §§ 18, 18a,[1] and a federal district court decision that concerns recoupment of court-appointed attorney fees under a subsection of ORS 135.055 that has since been repealed.[2] ORS 21.682 and ORS 30.642 to 30.650 now provide the statutory framework for waiver of fees in civil claims brought by adults in custody against public bodies. ORS 21.682 provides that a

"judge may waive or defer all or part of the fees and court costs payable to the court by a party in a civil action or

---

[1] In *Stanwood v. Multnomah County*, 135 Or App 58, 898 P2d 196 (1995), and *State ex rel Baker v. Cook*, 171 Or App 719, 16 P3d 1184 (2000), we concluded that the trial court abused its discretion in not waiving fees. The statute on which those cases relied, *former* ORS 21.605 (2005), *repealed by* Or Laws 2007, ch 493, §§ 18, 18a, was of general application, and ORS 30.642 to 30.650, which govern civil actions against public bodies by adults in custody, was not at issue.

[2] In *Fitch v. Belshaw*, 581 F Supp 273 (D Or 1984), the federal district court addressed constitutional concerns—right to counsel and due process—regarding ORS 135.055, which, at that time, directed courts to determine whether a defendant is able to pay the costs of a court-appointed attorney. ORS 135.055 has since been amended to remove that requirement.

> proceeding *** if the judge finds that the party is unable to pay all or any part of the fees and costs. Waiver or deferral under this section of the fees or court costs of an adult in custody, as defined in ORS 30.642, is subject to ORS 30.642 to 30.650."

ORS 30.643(1) provides that, "[i]f an adult in custody seeks to file an action against a public body, the fees and court costs of the adult in custody may be waived or deferred only in the manner provided by this section." Thus, a trial court's waiver of filing fees for an adult in custody of a correctional facility is now subject to the provisions of ORS 30.643. ORS 30.643(2) provides that an "adult in custody seeking waiver or deferral of fees or court costs must submit with the application for waiver or deferral a certified copy of the trust account statement of the adult in custody for the six-month period immediately preceding the filing of the complaint ***." The court reviews the statement and other resources available to the adult in custody and may only waive fees if the court determines that the "adult in custody has no funds and will not have funds." ORS 30.643(3).

　　　　Given that waiving or deferring fees or court costs for an adult in custody seeking to file a civil action against a public entity is governed by ORS 30.643, plaintiff needed to argue that the trial court erred in light of that statute. Plaintiff has not done that. Plaintiff does not contend that the trial court failed to comply with ORS 30.643. Nor does plaintiff explain how, if the trial court complied with ORS 30.643, the court's manner of compliance nevertheless was erroneous because the court did not hold a hearing or issue findings on whether plaintiff was able to pay some or all of the fees, despite the availability, or future availability, of funds in plaintiff's trust account. In sum, because plaintiff's arguments fail to grapple with the statutory provisions governing waiver of fees for adults in custody who bring civil actions against public bodies, his arguments are insufficiently developed for us to address them. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700-01 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (noting generally that "it is not this court's function to speculate as to what a party's argument

might be" or "to make or develop a party's argument when that party has not endeavored to do so itself").

     Affirmed.