Submitted August 6, affirmed September 15, 2021

HAMID MICHAEL HEJAZI,
*Plaintiff-Appellant,*

*v.*

Ryan GIFFORD,
John Jarrett, and Jose Alvarez,
*Defendants.*

Lane County Circuit Court
21AD0013; A175743

499 P3d 151

Plaintiff appeals an order denying his application for deferral or waiver of filing fees and the sheriff's service fees. Plaintiff contends that his application demonstrates that he does not have the financial resources to pay fees, that the trial court misapplied ORS 21.682 and ORS 21.685 in denying his application, and also that the court's denial was arbitrary, in violation of due process. *Held*: The trial court did not err in denying plaintiff's application for a deferral or waiver of fees. Plaintiff's waiver application was governed by ORS 30.643, as he was an adult in custody bringing an action against a public body, not, as plaintiff contends, ORS 21.682 and ORS 21.685. On its face, plaintiff's application for the fee waiver did not meet the requirements of ORS 30.643, and plaintiff has not supplied any arguments addressing the applicable statute.

Affirmed.

R. Curtis Conover, Judge.

Hamid Michael Hejazi filed the brief *pro se*.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Plaintiff appeals an order denying his application for deferral or waiver of filing fees and the sheriff's service fees. (An order denying an application for fee waiver is appealable as "[a]n order in an action that affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action." ORS 19.205(2); *Stanwood v. Multnomah County*, 135 Or App 58, 60, 898 P2d 196 (1995).) The trial court denied the application by check-the-box form, checking the box stating that the court found that petitioner "**DOES NOT** qualify for a deferral or waiver of fees." (Boldface and uppercase in original.) On appeal, plaintiff points out that his application demonstrates that he does not have the financial resources to pay fees. In view of those facts, he contends that the trial court misapplied ORS 21.682 and ORS 21.685 in denying his application and also that the court's denial was arbitrary, in violation of due process. We affirm because the face of plaintiff's complaint, together with his application for the fee waiver, demonstrate that plaintiff's application was subject to ORS 30.643 but did not meet the requirements of that statute.

In this case, the trial court denied the application for a fee waiver or deferral based on a finding that the application, on its face, demonstrates that the applicant is not eligible for a fee waiver; the record reflects that the court did not hold a hearing or consider any evidence apart from the application itself. Under those circumstances, our review is for legal error. More specifically, absent contradictory evidence, we accept as true the representations in the application and determine whether those facts demonstrate that the applicant satisfies the statutory requirements for a fee waiver. *See, e.g.*, *Stanwood*, 135 Or App at 61.

As an initial matter, we must ascertain what statute governed plaintiff's application for a fee waiver: ORS 21.682, the general fee-waiver statute, or ORS 30.643, the fee-waiver statute applicable to civil actions brought by an adult in custody against a public body. Although plaintiff views this as an ORS 21.682 case, his application represents that he is incarcerated, making ORS 30.643 potentially applicable.

As it turns out, ORS 30.643 does govern plaintiff's application. That statute applies to all fee waivers and deferrals in civil actions brought by an "adult in custody * * * against a public body." ORS 30.643(1). An "adult in custody" includes a person incarcerated in a jail. ORS 30.642(2), (3). And an "'[a]ction against a public body' means a civil action, including an action brought in a small claims department, an appeal or a petition for review, that names as a defendant a public body as defined in ORS 30.260 or an officer, employee or agent of a public body." ORS 30.642(1).

According to his application, plaintiff is incarcerated in a county jail. According to the allegations in the complaint, which alleges tort claims and seeks $6 million in damages, the individual defendants are employees of public bodies. In particular, plaintiff alleges that one is employed by a public defender's office, and that two are employed by a city police department. Further, the complaint generally targets conduct by defendants occurring within the scope of their employment, alleging that defendants "have put together a series of fabricated criminal charges against plaintiff." The complaint specifically alleges that the police-officer defendants acted "as part of an ongoing campaign launched" by the police department, and that the public-defender defendant was responding to plaintiff's criticism of his lawyering. That means plaintiff's action, although brought against individuals, qualifies as a civil action by an adult in custody against a public body within the meaning of ORS 30.642(1).

In his brief on appeal, plaintiff presents no argument as to why the trial court's denial was improper under ORS 30.642. Instead, as noted, his argument relies primarily on ORS 21.682 and the related statutes governing general fee waivers. As we recently held in a similar case, plaintiff's failure to address the operative statute in his appellate brief, standing alone, calls for affirmance as a matter of appellate procedure. *Smith v. Dept. of Corrections (A170818)*, 314 Or App 1, 3, 496 P3d 1073 (2021) ("In sum, because plaintiff's arguments fail to grapple with the statutory provisions governing waiver of fees for adults in custody who bring civil actions against public bodies, his arguments are insufficiently developed for us to address them."). Additionally, for

similar reasons, petitioner's failure to address the statute governing his fee-waiver request leaves us with no basis to conclude that the denial of the request violated his due process rights.

In addition to the procedural grounds for affirmance, we affirm the trial court's decision on its merits because the record compels the conclusion that the court did not err. Among other things, ORS 30.643 requires an adult in custody seeking a fee waiver or deferral to "submit with the application for waiver or deferral a certified copy of the trust account statement of the adult in custody for the six-month period immediately preceding the filing of the complaint," and it requires the court to take that statement into account in making its decision. ORS 30.643(2), (3). The record reflects that plaintiff failed to submit his inmate trust account statement with the application. Under those circumstances, the trial court did not err in finding that plaintiff had not demonstrated that he qualified for waiver or deferral of fees.

Affirmed.