Submitted October 1, reversed and remanded November 17, 2021

Robert BONDICK,
*Plaintiff-Appellant,*

*v.*

LANE COUNTY CIRCUIT COURT,
*Defendant.*

Lane County Circuit Court
21AD0013; A176328

501 P3d 91

Plaintiff appeals an order denying his application for deferral or waiver of filing fees. The denial was made by a check-the-box order form and did not include reasons for the denial. The face of plaintiff's application demonstrates that he is financially eligible for a fee waiver. *Held*: Pursuant to *Stanwood v. Multnomah County*, 135 Or App 58, 61, 898 P2d 196 (1995) and Chief Justice Order No. 12-078 (Nov 7, 2012), the trial court erred by making a summary and unexplained denial of an application for a fee waiver that, on its face, demonstrates that the applicant is financially eligible for a fee waiver.

Reversed and remanded.

Stephen W. Morgan, Judge.

Robert Bondick filed the brief *pro se*.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Plaintiff appeals an order denying his application for deferral or waiver of filing fees. *See Hejazi v. Gifford*, 314 Or App 534, 535, 499 P3d 151 (2021) (explaining that orders denying fee deferrals are appealable orders under ORS 19.205(2)). We reverse.

Plaintiff sought a fee waiver in connection with a civil suit against his landlord and others. He supported the application with an affidavit and other information demonstrating that his monthly income and benefits—all of which is derived from government programs—is less than 133 percent of the federal poverty guidelines applicable to Oregon at the time of his filing.[1] The trial court denied the application by check-the-box order, checking a box stating that the court found that plaintiff "**DOES NOT** qualify for a deferral or waiver of fees." (Boldface and uppercase in original.) Although the order contains a space for "[a]dditional findings," the court did not include any additional findings. Consequently, in the words of plaintiff, "[h]ere we can only speculate as to why that court wouldn't grant the waiver." Plaintiff points out that this court has granted him a fee waiver, and he asserts that there is no reason on this record to find that he can afford the applicable filing fee.

Where, as here, a trial court denies a fee waiver based on the face of the application, we review for legal error. *Hejazi*, 314 Or App at 535. "More specifically, * * * we accept as true the representations in the application and determine whether those facts demonstrate that the applicant satisfies the statutory requirements for a fee waiver." *Id.*

Because plaintiff is not incarcerated, ORS 21.682 governs his application for a fee waiver.[2] Although that statute, by its terms, grants a trial court discretion to deny a requested fee waiver, we have held that, where an applicant's submissions show that the applicant is eligible for

---

[1] The federal poverty guidelines are published in the Federal Register and can be viewed at https://www.federalregister.gov/documents/2021/02/01/2021-01969/annual-update-of-the-hhs-poverty-guidelines (last accessed Nov 8, 2021).

[2] A different statute, ORS 30.643, governs fee waivers in certain actions brought by adults in custody. *See Hejazi*, 314 Or App at 535-36 (discussing different statutes that govern fee waivers).

a fee waiver, in the absence of competing evidence or "any findings of fact or conclusions of law provided by the court to explain its decision," a court's denial of a requested waiver is an abuse of discretion. *Stanwood v. Multnomah County*, 135 Or App 58, 61, 898 P2d 196 (1995). Said another way, under *Stanwood*, where an application for a fee waiver governed by ORS 21.682 demonstrates that a person is financially eligible, the court lacks the discretion to deny it without further developing the record or providing an explanation for the denial.

In this instance, the face of plaintiff's application demonstrates that he is financially eligible for a fee waiver. By order of the Chief Justice, an applicant is eligible for a fee waiver where their household income is less than or equal to 133 percent of the federal poverty guideline applicable to the person's household size. Chief Justice Order (CJO) No. 12-078 (Nov 7, 2012).[3] Plaintiff's application, accepted as true, shows that that is the case here, and the record is devoid of evidence that would allow for a contrary conclusion. Although both the statute, as noted, and the CJO grant a trial court limited discretion to deny a fee waiver to a financially eligible person in certain circumstances, neither *Stanwood* nor the CJO authorizes what happened here—the summary and unexplained denial of an application for a fee waiver that, on its face, demonstrates that the applicant is financially eligible for a fee waiver. The trial court's denial was in error.

Reversed and remanded.

---

[3] The relevant CJO is available at https://www.courts.oregon.gov/rules/Other%20Rules/CJO_12-078.pdf (last accessed Nov 8, 2021).