Submitted February 4, reversed and remanded March 30, 2022

HAMID MICHAEL HEJAZI,
*Plaintiff-Appellant,*

*v.*

Anna SAMMONS et al.,
*Defendants.*

Lane County Circuit Court
21AD0013; A176865

508 P3d 996

Bradley A. Cascagnette, Judge.

Hamid Michael Hejazi filed the brief *pro se*.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Plaintiff appeals from a circuit court denial of his application for a filing fee waiver. *See Hejazi v. Gifford*, 314 Or App 534, 535, 499 P3d 151 (2021) (explaining that orders denying fee deferrals are appealable orders under ORS 19.205(2)). We reverse.

When a trial court denies a fee waiver based on the face of the application, we review for legal error. *Hejazi*, 314 Or App at 535. "More specifically, * * * we accept as true the representations in the application and determine whether those facts demonstrate that the applicant satisfies the statutory requirements for a fee waiver." *Id*.

When an adult in custody, like plaintiff, files suit against a public body, fee waivers or deferrals are governed by ORS 30.643. However, for suits against nonpublic bodies, fee waivers, even for adults in custody, are governed by ORS 21.682. In *Bondick v. Lane County Circuit Court* we held:

> "Although that statute, by its terms, grants a trial court discretion to deny a requested fee waiver, we have held that, where an applicant's submissions show that the applicant is eligible for a fee waiver, in the absence of competing evidence or 'any findings of fact or conclusions of law provided by the court to explain its decision,' a court's denial of a requested waiver is an abuse of discretion. *Stanwood v. Multnomah County*, 135 Or App 58, 61, 898 P2d 196 (1995)."

315 Or App 600, 601-02, 501 P3d 91 (2021).

Here, plaintiff was not suing a public body. And, as in *Bondick*, the face of the application establishes that appellant qualifies for a waiver. Accordingly, "the court lack[ed] the discretion to deny it without further developing the record or providing an explanation for the denial." *Id*. at 602. We therefore reverse and remand as in *Bondick*.

Reversed and remanded.