No. 308　　　　　May 8, 2024　　　　　549

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

AARON VAN NEUBARTH,
*Plaintiff-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
17CV35309; A180862

Courtland Geyer, Judge.

Submitted April 3, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Jona J. Maukonen, Assistant Attorney General, waived appearance for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In August 2017, plaintiff filed a petition for writ of habeas corpus, along with a motion to waive or defer filing fees and costs. On September 13, 2017, the trial court granted the motion in part, entering a limited judgment in which it deferred payment of the $252 filing fee. The case proceeded, and, in April 2018, the court dismissed the writ. An appeal followed, which was soon dismissed. Nearly five years later, in January 2023, plaintiff filed in the trial court a motion to substitute the named defendant, in which he noted his intent to file a motion to vacate in the future. The court denied that motion on February 1, 2023. Plaintiff then filed a motion seeking "waiver of filing fees and court costs necessary to proceed with a motion to vacate this judgment." The trial court denied that motion on February 28, 2023. The two February orders are essentially identical. Each denies the motion at issue, based on findings that the order of dismissal was entered in April 2018, that the judgment of dismissal was entered in April 2018, and that the appellate judgment was entered in July 2018.

Plaintiff appeals the denial of his February 2023 motion to waive filing fees and court costs.[1] He argues that the trial court abused its discretion by failing to explain its ruling, where the supporting documentation established that plaintiff meets the financial requirements for fee waiver. As we have explained:

> "Although [ORS 21.682], by its terms, grants a trial court discretion to deny a requested fee waiver, we have held that, where an applicant's submissions show that the applicant is eligible for a fee waiver, in the absence of competing evidence or 'any findings of fact or conclusions of law provided by the court to explain its decision,' a court's denial of a requested waiver is an abuse of discretion. *Stanwood v. Multnomah County*, 135 Or App 58, 61, 898 P2d 196 (1995). Said another way, under *Stanwood*, where an application for a fee waiver governed by ORS 21.682 demonstrates that a person is financially eligible, the court lacks the discretion to deny it without further developing the record or providing an explanation for the denial."

---

[1] Respondent does not appear on appeal.

*Bondick v. Lane County Circuit Court*, 315 Or App 600, 601-02, 501 P3d 91 (2021).

The problem with plaintiff's argument is that the trial court did explain its ruling. It made express findings—all to the effect that the case was long resolved—and denied the motion based on those findings. Notably, the court relied on the same findings to deny plaintiff's fee-waiver motion that it had relied on only weeks earlier to deny plaintiff's motion to substitute. Because the court made findings of fact to explain its decision, it necessarily did not abuse its discretion in the manner addressed in *Bondick*.

Plaintiff briefly argues in the alternative that, if the trial court denied the fee-waiver motion "because the case was completed," that too was error, because ORS 21.682(1) contains "no time limit" and does not "say when the application must be made." If plaintiff had sought a waiver of past-incurred fees, and the court had denied the motion as untimely, that argument would merit consideration. But plaintiff sought a waiver of future fees and costs attendant to a potential motion to vacate a judgment entered five years earlier, and the court denied the motion on the grounds that the case was long closed. If the trial court erred in doing so, plaintiff has failed to identify and articulate the error in the court's reasoning.

Affirmed.