442 February 25, 2026 No. 146

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Sharon NEAL,
*Plaintiff-Appellant,*

*v.*

Natalia NEAL;
U.S. Bank National Association;
Rushmore Loan Management Services, LLC,
aka Cypress Loan Servicing LLC; Phillip Henneman;
Trudy Henneman; County of Clackamas;
Oregon Department of Transportation; Tina Kotek;
All Persons Unknown Claiming Any Legal Interest in the
Subject Property,
*Defendants-Respondents.*

Clackamas County Circuit Court
24CV46220; A185766

Todd L. Van Rysselberghe, Judge.

Argued and submitted on June 06, 2025; on appellant's motion to submit supplemental material in response to panel inquiry at oral argument filed June 8, 2025.

Trevor Robins argued the cause for appellant. On the brief was Sharon E. Neal *pro se*.

No appearance by respondents.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Motion to supplement record granted; reversed and remanded.

**SHORR, P. J.**

Plaintiff appeals from a general judgment dismissing her negligence action against eight named defendants. The trial court entered the dismissal on the basis that plaintiff had failed to comply with a "vexatious litigant" pre-filing order. The order, issued in 2020 in a different proceeding, required plaintiff to obtain permission from the presiding judge of the Clackamas County Circuit Court before initiating any legal action against Natalia Neal. In a single assignment of error, plaintiff challenges the dismissal, arguing that the pre-filing order is invalid, and even if it is valid, the trial court nevertheless abused its discretion by dismissing the action because plaintiff's complaint alleged urgent public safety risks. Alternatively, plaintiff contends that the trial court improperly expanded the scope of the pre-filing order by dismissing her claims against all defendants. We write primarily to address plaintiff's argument regarding the scope of the pre-filing order and reject plaintiff's other arguments as unpreserved. For the reasons that follow, we agree with plaintiff that the express terms of the order narrowly restricted her ability to initiate legal action against just Natalia Neal, and the trial court therefore erred by dismissing the action against all other defendants. Accordingly, we reverse and remand for the trial court to allow the complaint to proceed under the prior order but only as to defendants other than Natalia Neal.

We briefly describe the relevant facts, which are procedural. Plaintiff and defendant Natalia Neal have been engaged in a years-long legal dispute concerning the ownership and use of real property in Clackamas County. In 2020, in a separate proceeding, defendant Natalia Neal moved to classify plaintiff as a "vexatious litigant." The trial court granted that motion and entered an order restricting plaintiff's ability to file claims against Natalia Neal, providing as follows:

> "Defendant's Motion to Classify Sharon Neal as a Vexation [*sic*] Litigant is GRANTED. *Sharon Neal is declared a vexatious litigant and enjoined from filing further legal proceedings against Natalia Neal* in Clackamas County Court without first obtaining the Presiding Judge's permission. \*\*\* Sharon Neal shall provide written notice to opposing counsel at least 48 hours \*\*\* before filing any

motion or document in this case or in any case related to [d]
efendant Natalia Neal. Violation of this order is subject to
punishment for contempt of court. Any certificate of service
filed by Sharon Neal must comply with this service order."

(Emphasis added.)

On September 24, 2024, plaintiff filed the com-
plaint at issue in this appeal against eight named defen-
dants, including Natalia Neal, two financial institutions,
and multiple government entities, in which she alleges that
defendants have failed to maintain a retaining wall on the
disputed property. On October 3, the trial court sent a let-
ter to plaintiff stating that it would dismiss the case unless
plaintiff could provide evidence that she was granted per-
mission from the presiding judge to file the complaint, as
required by the pre-filing order. Plaintiff did not respond
to that letter, and on October 10, the trial court entered a
judgment dismissing the case without prejudice.

After plaintiff filed her brief and appeared at oral
argument,[1] she moved to supplement the trial court record
with a series of emails between plaintiff and court staff in
which plaintiff requested permission to file the complaint
and asserted that the pre-filing order did not apply against
defendants other than Natalia Neal.

When materials that were offered to and received
by the trial court are omitted from the record on appeal and
the omission "substantially affects the merits of the appeal,"
we may "correct or supplement the record as may be just."
ORS 19.365(4); *see also, e.g.*, *Curtis v. Lampert*, 171 Or App
336, 338-39, 15 P3d 626 (2000) (supplementing the record
with an affidavit that did not appear in the trial court
file on the basis that "correspondence from the trial court
judge" demonstrated "beyond reasonable dispute that the
trial court did, in fact, receive" the affidavit). Here, the trial
court's letter to plaintiff acknowledged that she had filed the
complaint "after [she] sent in a request to the court but had
not yet heard back," which demonstrates that the trial court

---

[1] Defendants did not file answering briefs and thereby waived appearance
on appeal. *See* ORAP 5.60 ("If the respondent files no brief, the cause will be sub-
mitted on the appellant's opening brief and appellant's oral argument, and the
respondent shall not be allowed to argue the case.").

received plaintiff's emails and understood them to relate to the complaint filed on September 24. The emails therefore provide useful procedural context and are relevant to the question of preservation. We grant plaintiff's motion.

Having supplemented the record, we conclude that plaintiff preserved her argument regarding the scope of the pre-filing order but otherwise failed to preserve her other arguments for our review. In plaintiff's initial email to the presiding judge's clerk, sent on August 30, 2024, plaintiff requested guidance as to how to obtain the presiding judge's permission to file her complaint. The clerk confirmed receipt of the complaint and stated that a copy had been provided to the presiding judge for their consideration. Plaintiff sent several follow-up emails inquiring about the status of her request, and the clerk advised that the matter was still under review. On September 23, 2024, plaintiff emailed the clerk and stated that she intended to file the complaint without the presiding judge's permission and affirmatively asserted that she was permitted to do so because "[t]he pre-filing order * * * only applied to cases [plaintiff] would file *pro se* against Natalia Neal, who is just one of eight defendants in this pending complaint." In her email, plaintiff also noted that her attorney had questioned whether the pre-filing order was still in effect and indicated the allegations in the complaint were "serious[]," however, plaintiff did not articulate any specific reason that the order was invalid, nor did she argue that the nature of the allegations somehow precluded enforcement of the pre-filing order.

We turn then to the merits of plaintiff's preserved argument. We review a trial court's decision to dismiss a case for failure to comply with a court order for abuse of discretion. *See Lang v. Rogue Valley Medical Center*, 361 Or 487, 498, 395 P3d 563 (2017) (explaining that, under ORCP 54 B(1), a trial court has "discretion within legal limits to determine when a party's failure either to prosecute or to comply with a rule or court order warrants dismissal of an action"). If the trial court's exercise of discretion is based on predicate legal conclusions, we review those conclusions for legal error. *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016).

We conclude that the trial court erred by dismissing the action against defendants other than Natalia Neal. Under federal case law at least, a pre-filing order may be sufficiently narrow in scope and therefore enforceable where it limits a litigant's ability to relitigate the same claims or issues against particular defendants. *De Long v. Hennessey*, 912 F2d 1144, 1148 (9th Cir), *cert den*, 498 US 1001 (1990) (explaining that a pre-filing order must be "narrowly tailored to closely fit the specific vice encountered"); *see also, e.g., Molski v. Evergreen Dynasty Corp.*, 500 F3d 1047, 1061 (9th Cir 2007), *reh'g den*, 521 F3d 1215, *cert den*, 555 US 1031 (2008) (concluding that the pre-filing order preventing the plaintiff from filing Americans with Disability Act claims without leave of the court was enforceable); *Moy v. U. S.*, 906 F2d 467, 470-71 (9th Cir 1990) (concluding that a pre-filing order preventing the plaintiff from filing "any further complaints" unless they were subjected to pre-filing review by the court was overly broad and modifying the order to prevent the filing of complaints against particular defendants without pre-filing review). We need not decide the larger questions regarding the proper scope of orders designating litigants as vexatious or limiting their rights to file a complaint in the future.[2] Plaintiff presents no preserved arguments that implicate those larger issues. Plaintiff did preserve her argument that the trial erred in expanding the scope of its order. Here, on its face, the order restricts plaintiff's ability to initiate legal action against Natalia Neal in particular, but it does not otherwise restrict plaintiff's ability to litigate claims related to the underlying property dispute nor claims against any other parties. Thus, by the order's express terms, plaintiff's claims against the other named defendants are not subject to pre-filing review by the presiding judge. The trial court therefore erred in dismissing plaintiff's case against defendants other than Natalia Neal.

Motion to supplement record granted; reversed and remanded.

---

[2] ORCP 35, which became effective January 1, 2026, provides that a trial court may designate a party as an "abusive litigant" and impose restrictions to prevent ongoing abusive filings. That rule was not in effect at the time the trial court entered the vexatious litigant pre-filing order against plaintiff, nor when it dismissed her action, and thus, ORCP 35 does not apply to our analysis.